UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ARNOLD H. THOMAS,

      Plaintiff,

v.                                             CASE NO. 3:20-cv-503-J-32JBT

STATE OF FLORIDA, et al.,

      Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on *pro se* Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, which the Court construes as a Motion to Proceed *In Forma Pauperis* ("Motion") (Doc. 2). For the reasons stated herein, the undersigned respectfully **RECOMMENDS** that the Motion be **DENIED** and the case be **DISMISSED** for lack of subject matter jurisdiction.

### I. Background

The Court previously took the Motion under advisement and directed Plaintiff to file an amended complaint that cured the deficiencies set forth in the

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

prior Order (Doc. 4). Specifically, the Court noted that the crux of Plaintiff's claims is that "a Final Judgment of Dissolution of Marriage (Doc. 1-3) entered on December 28, 2016 in the Fourth Judicial Circuit Court in and for Nassau County, Florida is void because that court lacked personal jurisdiction over him at the time the judgment was entered. (*See* Doc. 1.)" (Doc. 4 at 3.)

The Court stated that Plaintiff's claims "appear to be barred by the *Rooker-Feldman* doctrine,[2] which bars 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.' *See Alvarez v. Attorney Gen. for Fla.*, 679 F.3d 1257, 1262–63 (11th Cir. 2012)." (Doc. 4 at 3.) The Court also recognized that the two state court judges named as Defendants "are likely immune from Plaintiff's claims for damages. *See Anderson v. Fulton Cty. Gov't*, 485 F. App'x 394, 395 (11th Cir. 2012) ('Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity . . . .')."[3] (Doc. 4 at 3–4.) The Court further stated that "[t]o the extent any of

---

[2] *See Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923) and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

[3] Although unpublished Eleventh Circuit decisions are not binding precedent, they may be persuasive authority on a particular point. *See, e.g.*, *Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342, 1355 (11th Cir. 2018) ("Unpublished cases do not constitute binding authority and may be relied on only to the extent they are persuasive."). Rule 32.1 of the Federal Rules of Appellate Procedure expressly allows

Plaintiff's claims are not so barred, the allegations in the Complaint are insufficient to state any claim for relief." (*Id.* at 4.)

Plaintiff then filed the Amended Complaint (Doc. 5). The undersigned recommends that even liberally construed, the Amended Complaint, which is more akin to a legal memorandum addressing the *Rooker-Feldman* doctrine than a stand-alone complaint, does not cure the aforementioned deficiencies.[4] Thus, the undersigned recommends that the Motion be denied and the case be dismissed.

## II.  Standard

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may allow a plaintiff to proceed without prepayment of fees or costs where the plaintiff has demonstrated through the filing of an affidavit that he is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Even assuming that the Motion sufficiently demonstrates that Plaintiff meets the financial criteria and is therefore entitled to proceed *in forma pauperis*, when such a motion is filed, the Court is also obligated to review the case pursuant to 28 U.S.C. § 1915(e)(2) and to dismiss the case if it determines that the action "(i) is frivolous or malicious; (ii)

---

citation to federal judicial unpublished dispositions that have been issued on or after January 1, 2007. Fed. R. App. P. 32.1(a).

[4] Plaintiff was previously informed that "[a]ny amended complaint must contain all relevant allegations in a single document that complies with all applicable rules and law." (Doc. 4 at 4 n.5.) Nevertheless, the undersigned has liberally construed the initial Complaint and the Amended Complaint together herein.

3

fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must also dismiss *sua sponte* an action if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

To avoid a dismissal, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. *Id.*

Pleadings submitted by a *pro se* plaintiff "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). Courts are under no duty, however, to "re-write" a plaintiff's complaint to find a claim. *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993).

**III.   Analysis**

The undersigned recommends that, even liberally construed, Plaintiff's Amended Complaint does not meet the above requirements and fails to cure the deficiencies set forth in the Court's prior Order. Although Plaintiff references negligence and claims pursuant to 42 U.S.C. § 1983 in the Amended Complaint,

the crux of Plaintiff's claims remains the same: that a Final Judgment of Dissolution of Marriage ("Judgment") (Doc. 5-1) entered in state court over three and a half years ago is void because that court lacked personal jurisdiction over him.  (*See* Doc. 5.)  Plaintiff has not meaningfully attempted to cure the deficiencies previously noted.  Rather, the majority of the Amended Complaint consists of arguments that the *Rooker-Feldman* doctrine does not apply.  (*Id.* at 3–5, 7–8.)  Although these legal arguments are not appropriately raised in a complaint, the undersigned will address these arguments in turn.

First, Plaintiff argues that the *Rooker-Feldman* doctrine does not apply because he was not a party to the state court case.  (*See id.*)  However, the Judgment itself, which is attached to the Amended Complaint, refutes this argument.  (*See* Doc. 5-1.)  The Judgment states that Plaintiff moved to dismiss the petition for dissolution of marriage, arguing that the state court lacked personal jurisdiction over him.  (*Id.*)  The motion to dismiss was denied.  (*Id.*)  Thus, the undersigned recommends that this argument be rejected.  *See Mells v. Weizmann*, Case No. 8:16-cv-310-T-23AAS, 2019 WL 932446, at *3 (M.D. Fla. Feb. 26, 2019) ("Because state courts are competent to determine their own jurisdictional boundaries and because Mells could — and did — object in state court to personal jurisdiction, *Rooker-Feldman* bars review.") (quotations omitted).

Plaintiff further argues that the *Rooker-Feldman* doctrine does not preclude

a challenge to a state court judgment in federal court if the state court lacked jurisdiction to enter the judgment.  (Doc. 5 at 3–5, 7–8.)  However, the Eleventh Circuit has stated: "We have not yet recognized an exception to the *Rooker–Feldman* doctrine in cases where the state court that issued the underlying state court judgment lacked jurisdiction."  *Ware v. Polk Cty. Bd. of Cty. Comm'rs*, 394 F. App'x 606, 609 (11th Cir. 2010).[5]  Thus, the undersigned recommends that this argument be rejected as well.

Plaintiff also argues that he is not seeking to have this Court overturn the Judgment.  Rather, he is seeking only damages for Defendants' negligence in entering the Judgment when it lacked jurisdiction to do so, which allegedly violated Plaintiff's constitutional rights.  (Doc. 5 at 7–8.)  However, the fact that Plaintiff is seeking only damages is not dispositive.[6]  As the Eleventh Circuit has stated:

> We have since explained that the *Rooker-Feldman* doctrine operates as a bar to

---

[5] The single Eleventh Circuit case cited by Plaintiff in support of his arguments is inapposite because it addressed federal enforcement under the full faith and credit provision of 28 U.S.C. § 1738 of a *default judgment* entered in state court.  See *Hudson Drydocks Inc. v. Wyatt Yachts Inc.*, 760 F.2d 1144, 1146 (11th Cir. 1985) ("If a defendant to a lawsuit in state court never enters an appearance, and judgment is by default, the defendant may defeat enforcement of that judgment in a federal forum by demonstrating that the state court lacked personal jurisdiction over the defendant.").  Here, Plaintiff appeared and participated in the state court proceeding and the Judgment was not entered by default.  (*See* Doc. 5-1.)  Moreover, this case is not a proceeding to enforce a judgment.

[6] Although Plaintiff also requested injunctive relief in the initial Complaint, the Amended Complaint seeks only damages.  (Doc. 1 at 5; Doc. 5 at 8.)

> federal court jurisdiction where the issue before the federal court was "inextricably intertwined" with the state court judgment so that (1) the success of the federal claim would "effectively nullify" the state court judgment, or that (2) the federal claim would succeed "only to the extent that the state court wrongly decided the issues."

See *Alvarez*, 679 F.3d at 1262–63 (citation omitted).  The undersigned recommends that the *Rooker-Feldman* doctrine bars Plaintiff's claims because the success of his claims would "effectively nullify" the Judgment and/or because his claims would succeed "only to the extent that the state court wrongly decided the issues."  *Id.*

Additionally, even if any of Plaintiff's alleged claims are not so barred, the undersigned recommends that the Amended Complaint fails to sufficiently state a claim against any Defendant.  Although the initial Complaint named the State of Florida, its Attorney General, and two state court judges as Defendants, the Amended Complaint refers to Defendants only collectively as the "State of Florida, et al."  (*See* Doc. 1 at 1–3; Doc. 5.)  Thus, it is not clear who Plaintiff is intending to sue.

To the extent Plaintiff is intending to sue the "State of Florida," the undersigned recommends that his claims, whether brought under section 1983 or under Florida tort law, are barred by Eleventh Amendment immunity.  *See Uberoi v. Sup. Ct. of Fla.*, 819 F.3d 1311, 1313 (11th Cir. 2016) ("Eleventh Amendment sovereign immunity prohibits federal courts from entertaining suits

brought by citizens against a state, including its agencies and departments.") (citations and quotations omitted); *Terell v. U.S.*, 783 F.2d 1562, 1565 (11th Cir. 1986) ("[A]lthough Florida has waived its immunity from tort actions filed in state court, Florida has not waived its immunity from tort suits in federal fora.").

To the extent Plaintiff is attempting to sue state court judges, the undersigned recommends that Plaintiff has failed to plausibly allege that an exception exists to the general rule that judges are absolutely immune from claims for damages based on actions taken while acting in their judicial capacity. *See Anderson*, 485 F. App'x at 395 (noting that "[j]udges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity" unless certain narrow exceptions apply).   To the extent Plaintiff is attempting to sue any other Defendant(s), the undersigned recommends that the allegations in the Amended Complaint are insufficient to state any claim for relief.

**IV.   Conclusion**

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motion (**Doc. 2**) be **DENIED**.

2. The case be **DISMISSED** for lack of subject matter jurisdiction.

3. The Clerk of Court be directed to terminate any pending motions and close the file.

8

**DONE AND ENTERED** in Jacksonville, Florida, on August 6, 2020.

JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Timothy J. Corrigan
United States District Judge

Pro Se Plaintiff